**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Janice Salley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:22-cv-2796 |
| | ) | |
| JHPDE Finance I, LLC, a Delaware | ) | |
| limited liability company, and D&A | ) | |
| Services, LLC, an Illinois limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Janice Salley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' extensive business dealings here make it subject to this Court's general jurisdiction.

2.      Venue is proper in this District because: a) many of the acts and transactions occurred here; b) Defendants transact business here; and c) Defendant D&A resides here.

### PARTIES

3.      Plaintiff, Janice Salley ("Salley"), is a citizen of the State of New York, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed for a Citibank credit card account, despite the fact that she had exercised her

1

rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, JHPDE Finance I, LLC ("JHPDE"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. JHPDE operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant JHPDE was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant JHPDE is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar. Defendant JHPDE's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, which debts it then tries to collect through other debt collectors, such as Defendant D&A Services, LLC.

6.      Defendant, D&A Services, LLC ("D&A"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. From its headquarters in Des Plaines, Illinois, D&A operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state. In fact, Defendant D&A was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted

2

consumer debt Defendants attempted to collect from Plaintiff.

7.      Defendants JHPDE and D&A are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

8.      Ms. Salley is a disabled senior citizen with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citibank credit card account. At some point in time after this debt went into default, Defendant JHPDE allegedly bought/obtained Ms. Salley's Citibank account. JHPDE then had two other debt collectors/collection attorneys, Mandarich Law Group and Cawley & Bergmann, send Ms. Salley, in care of her LASPD attorneys, collection letters dated November 10, 2018 and October 14, 2021. Copies of these letters are attached as Group Exhibit B.

9.      On December 26, 2018 and September 21, 2021, one of Ms. Salley's legal aid attorneys at LASPD confirmed to JHPDE, that Ms. Salley was represented by counsel, and directed it to cease contacting her, and to cease all further collection activities regarding the Citibank debt, because Ms. Salley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters and fax confirmations are attached as Group Exhibit C.

10.     Nonetheless, Defendant JHPDE, contrary to the account notes that showed Ms. Salley had refused to pay and was represented by counsel, had Defendant D&A attempt to collect the debt at issue from Ms. Salley by directly sending her a collection letter dated January 21, 2022, demanding payment of the Citibank debt. A

copy of this letter is attached as Exhibit D.

11.    Accordingly, on April 8, 2022, Ms. Salley's legal aid attorneys had to inform Defendants, again in writing, that they represented Ms. Salley, that she refused to pay the debt and that Defendants should cease communications. A copy of this letter and fax confirmation are attached as Exhibit E.

## ARTICLE III STANDING

12.    In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

13.    To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

14.    Defendants' continued direct collection actions invaded Plaintiff's right to counsel and was a direct invasion of Ms. Salley's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and §

4

1692c of the FDCPA, see, Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

15.     Defendants' collection actions alarmed, confused and emotionally distressed Ms. Salley, invaded her right to privacy, caused her to act to her detriment, and cost her out-of-pocket expenses.

16.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20.     Here, the letters from Plaintiff's attorneys to Defendants told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24.     Defendants knew, as shown by the letters that were sent to LASPD, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice in writing, to Defendants, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly sending Plaintiff the January 21, 2022 collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Janice Salley, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Salley, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by

§1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Janice Salley, demands trial by jury.

Janice Salley,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 26, 2022

David J. Philipps     (Ill. Bar No. 6196285)
Mary E. Philipps      (Ill. Bar No. 6197113)
Angie K. Robertson  (Ill. Bar No. 6302858)
Savannah R. Theil    (Ill. Bar No. 6339745)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com